USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

       - against -          :     **MEMORANDUM DECISION**

RICHARD PETERSON,                 :     04 Cr. 752 (DC)
a/k/a "Robert James,"
                                  :
           Defendant.
                                  :
- - - - - - - - - - - - - - - - -x


**APPEARANCES:**    PREET BHARARA, Esq.
                    United States Attorney for the
                      Southern District of New York
                         By:  Anna E. Arreola, Esq.
                              Assistant United States Attorney
                    1 St. Andrew's Plaza
                    New York, New York  10007


                    LAW OFFICES OF STEVEN L. KESSLER
                    Attorneys for Gregory Crew
                         By:  Steven L. Kessler, Esq.
                              Eric M. Wagner, Esq.
                    122 East 42nd Street, Suite 606
                    New York, New York  10168


**CHIN, Circuit Judge**

By motion dated March 1, 2010, the Government seeks a restraining order (1) prohibiting defendant Richard Peterson and his domestic partner Gregory Crew from transferring or dissipating any interest in the property located at 763 Clayton Street, San Francisco, California (the "San Francisco Property") and (2) requiring Crew to pay outstanding taxes on the San Francisco Property and outstanding condominium association fees on the property located at Unit #14, Windsor Village, Grand Cayman Islands, British West Indies (the "Grand Cayman

Property"). For the reasons set forth below, the Government's motion is GRANTED in part and DENIED in part.

## BACKGROUND

### A. The Preliminary Forfeiture Order

On July 19, 2005, Peterson pled guilty to wire fraud and engaging in the business of insurance after having been convicted of a felony involving dishonesty or breach of trust. On December 5, 2006, Peterson signed a Post-Plea Sentencing Stipulation in which he agreed to the entry of a money judgment in the amount of the proceeds of the wire fraud and further agreed to forfeit to the United States all of his right, title and interest in the San Francisco Property, the Grand Cayman Property, and two additional properties (collectively, the "Forfeiture Properties").

On March 13, 2007, this Court sentenced Peterson to 120 months' imprisonment and entered a Preliminary Order of Forfeiture/Final Order of Forfeiture (the "Preliminary Forfeiture Order") that ordered the forfeiture of Peterson's interest in the Forfeiture Properties.

### B. Crew's Asserted Interest And Unpaid Taxes

Pursuant to the Preliminary Forfeiture Order, the Government sent notice by certified mail to all persons and entities with an alleged interest in any of the Forfeiture Properties. Thereafter, Crew filed a timely petition asserting claims to the San Francisco and Grand Cayman Properties.

- 2 -

Although Crew contends that he is the sole owner of the San Francisco Property, he has not paid any taxes on the property for several years and owes more than $150,000 that he alleges he is unable to pay.[1] In an effort to access funds that would enable him to pay the outstanding taxes, Crew applied for and was approved for a home equity loan for $440,000 against the value of the San Francisco Property. The loan did not close, however, because of an existing lien on the property stemming from the criminal action against Peterson. The Government argues that Crew must pay the outstanding taxes on the San Francisco Property, but objects to his efforts to take out a loan against the property.

In addition to the taxes owed on the San Francisco Property, Crew has failed to pay the condominium association dues on the Grand Cayman Property. The parties have not specified how much is owed or why the dues have not been paid.

## DISCUSSION

### A. Forfeiture Law

Following entry of a forfeiture order, third parties asserting an interest in the property subject to forfeiture must petition the court for a hearing to adjudicate the third party's alleged interest. 21 U.S.C. § 853(n)(2). "The hearing on the

---

[1] According to Crew, he filed an informal grievance with the City of San Francisco at some point in 2008 seeking to reduce the tax assessment on the San Francisco Property, but it was denied.

petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the petition." Id. § 853(n)(4). If the petitioner establishes his or her interest in the property at the hearing by a preponderance of the evidence, the forfeiture order must be amended to exempt the qualifying interest. United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008). Specifically, the petitioner must demonstrate at the hearing that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6)(A)-(B).

Courts have broad power to protect the Government's interest in property that is subject to criminal forfeiture. "Upon entry of an order of forfeiture declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions . . . [o]r take any other action to protect the interest of the United States in the property ordered forfeited." Id. § 853(g).

In addition, Federal Rule of Criminal Procedure 32.2(b)(7) provides that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Courts may order an interlocutory sale where "the property is subject . . . to taxes on which the owner is in default." Rule G(7)(b)(I) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### B. **Application**

The Government's motion is predicated on the fact that Crew's failure to pay the taxes and condominium fees on the San Francisco and Grand Cayman Properties has diminished their value significantly. Crew opposes the Government's motion on the grounds that the Government has failed to establish the forfeitability of the San Francisco Property, and that at most the Government is entitled to only a small portion of the San Francisco Property's current market value.[2] The Government and Crew each argue extensively concerning the relative merits of their claims to the properties, but those claims cannot be resolved based on the record before the Court. As set forth above, Crew's claims to the property must be resolved following a hearing pursuant to 21 U.S.C. § 853(n)(6).

---

[2] Crew's opposition brief indicates that the San Francisco Property was last assessed at $1.6 million.

Moreover, it is unnecessary to determine Crew's interest in the property to resolve the instant motion.  As set forth in the Preliminary Forfeiture Order, the San Francisco and Grand Cayman Properties are subject to forfeiture.  Pending the resolution of Crew's claims to the San Francisco and Grand Cayman Properties, the Government is entitled to a restraining order to preserve the status quo and ensure that its interest in those properties is not diminished or lost.  See, e.g., id. § 853(g).  Accordingly, and as set forth in more detail in the accompanying order, Crew is hereby restrained from doing anything that would further diminish the values of the San Francisco and Grand Cayman Properties.  Because he is claiming ownership of the San Francisco and Grand Cayman Properties, Crew is also ordered to take necessary steps and make necessary payments to maintain them, to the extent sent forth in the accompanying order.  At this time, however, the Government's motion for the Court to set a deadline for Crew to pay the outstanding taxes on the San Francisco Property is denied, without prejudice to renewal at a later date.

C.  **Hearing To Adjudicate The Validity Of Crew's Property Interests**

Although the applicable statutory language contemplates that the hearing to adjudicate a third party's interest in property subject to forfeiture be held within 30 days of the petition, 21 U.S.C. § 853(n)(4), three years have passed since Crew's petition.  The delay was due, at least in part, to the

- 6 -

parties' settlement discussions.  The uncertainty regarding each parties' interest in the San Francisco and Grand Cayman Properties is at the heart of this dispute and it appears that settlement negotiations are at a standstill.  Crew has represented that he cannot pay the outstanding taxes without a home equity loan, and the Government, in turn, objects to any further encumbrances on the property.  Accordingly, the Court will hold a hearing to adjudicate Crew's interest.

### CONCLUSION

For the foregoing reasons and as set forth in more detail in the accompanying order, the motion is GRANTED in part and DENIED in part; additionally, the parties are further hereby ORDERED to appear at a hearing to adjudicate Crew's interest in the San Francisco and Grand Cayman Properties to be held in this Court on June 30, 2010, at 2:00 p.m.

SO ORDERED.

Dated:   New York, New York
         June 9, 2010

DENNY CHIN
United States Circuit Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :   POST-CONVICTION RESTRAINING
                               :   ORDER PURSUANT
           -v.-                :   21 U.S.C. § 853(g)
                               :
RICHARD PETERSON,              :   04 Cr. 752 (DC)
     a/k/a "Robert James,"     :
                               :
           Defendant.          :
- - - - - - - - - - - - - - - x

        Upon the application of PREET BHARARA, United States Attorney for the Southern District of New York, by Anna E. Arreola, Assistant United States Attorney, pursuant to 21 U.S.C. § 853(g), and all papers submitted in support thereof;

### I. Prohibited Activities

        **IT IS HEREBY ORDERED** that:

        Richard Peterson (the "defendant"), and all his attorneys, agents, domestic partner and other family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of the order, shall not take any action prohibited by this Order;

        **IT IS HEREBY FURTHER ORDERED** that the defendant, his attorneys, agents, domestic partner and other family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this order, shall not directly or indirectly, transfer, sell, assign, pledge,

distribute, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, or disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the following property:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 768 Clayton Street, San Francisco, California 94771, ~~(the "Restrained Asset");~~

**IT IS HEREBY FURTHER ORDERED** that the defendant, his attorneys, agents, domestic partner and other family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this order, shall not use or permit the Restrained Assets to be used for any illegal activity, or take any action that would depreciate, damage, or in any way diminish the value of the Restrained Assets;




**IT IS HEREBY FURTHER ORDERED** that this Restraining Order shall be binding upon the defendant, his attorneys, agents, domestic partner and other family members, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this order;

and the property located at Unit #14, Windsor Village, Grand Cayman Island, British West Indies (the "Restrained Assets");

DC

## II. Maintaining the Property

**IT IS FURTHER ORDERED** that, during the pendency of criminal ancillary proceedings, Gregory Crew, the current tenant shall:



(1) Take all reasonable precautions to prevent the destruction or diminution in value of the Clayton Street Property and any fixtures thereto.

(2) Make timely mortgage payments to keep the mortgage current.

(3) Maintain fire, flood, earthquake, and hazard insurance on the property.

(4) ~~Pay outstanding property taxes on or before _____ and ensure that all property taxes are paid on time.~~ [stricken; marked DC]

(4) [was (5)] Not take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Clayton Street Property, without authority of the court, for the purpose of impairing or defeating the court's continuing jurisdiction over said property.

**IT IS HEREBY FURTHER ORDERED** that service of a copy of this Order shall be made *by the Government* on counsel for the defendant and counsel for his domestic partner by certified mail within two business days following the filing of this Restraining Order.

Dated:   New York, New York
         ~~March ___, 2010~~
         June 9, 2010

SO ORDERED:

_____
HONORABLE DENNY CHIN
~~UNITED STATES DISTRICT COURT JUDGE~~
~~SOUTHERN DISTRICT OF NEW YORK~~
United States Circuit Judge
Sitting by Designation

