```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-3-2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA      :

     - against -      :      **FINAL ORDER OF FORFEITURE**
     **AS TO THE CLAYTON STREET**
RICHARD PETERSON,      :      **AND THE GRAND CAYMAN**
a/k/a "Robert James,"      **PROPERTIES**
     :

           Defendant.      04 Cr. 752 (DC)
     :

GREGORY CREW,
           Claimant.      :

- - - - - - - - - - - - - - - - - -x

WHEREAS, on July 30, 2004, RICHARD PETERSON, a/k/a "Robert James" (the "defendant"), was charged in a three-count Indictment 04 Cr. 752 (DC) (the "Indictment"), with: wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); engaging in the business of insurance after having been convicted of a felony, in violation of Title 18, United States Code, Sections 1033(e)(1)(A) and 2 (Count Two); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation providing notice of the Government's intent to seek forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of all property constituting or derived from proceeds obtained directly and indirectly to the commission of

the offense charged in Count One of the Indictment, including but not limited to the following:

a.   $5,036,350.94 as a sum of money representing the amount of premiums obtained as a result of the insurance fraud scheme charged in Count One of the Indictment;

b.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 763 Clayton Street, San Francisco, California 94771 (the "Clayton Street Property");

c.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 704 North Point Street, San Francisco, California 94109 (the "North Point Property");

d.   All right, title and interest in Apt. #10A, 3111 Bel Air Drive, Las Vegas, Nevada 89109 (the "Las Vegas Property"); and

e.   All right, title and interest in Unit #14, Windsor Village, Grand Cayman Islands, British West Indies (the "Grand Cayman Property");

(collectively, the "Subject Property");

WHEREAS, on July 19, 2005, the defendant pled guilty to Counts One and Two of the Indictment pursuant to a plea agreement with the Government (the "Plea Agreement");

WHEREAS, on or about December 5, 2006, the defendant signed a Post-Plea Sentencing Stipulation (the "Stipulation") that supersedes the Plea Agreement;

WHEREAS, under the terms of the Stipulation, the defendant admitted to the forfeiture allegation in the Indictment and agreed to the entry of a money judgment in the amount of the proceeds of the fraud obtained as a result of the offense charged in Count One of the Indictment, and further agreed to forfeit to the United States all right, title and interest of the defendant in the following properties: (i) 704 North Point Street, San Francisco, California ("the North Point Property"); (ii) 763-765 Clayton Street, San Francisco, California ("the Clayton Street Property"); (iii) Apartment 10A, 3111 Bel Air Drive, Las Vegas, Nevada ("the Las Vegas Property"); and (iv) Unit #14, Windsor Village, Grand Cayman Islands, British West Indies ("the Grand Cayman Property");

WHEREAS, on March 13, 2007, the Court entered a Preliminary Order of Forfeiture/Final Order of Forfeiture As to Defendant Richard Peterson, imposing a forfeiture money judgment against the defendant in the amount of $6,663,439, and forfeiting all of the defendant's right, title and interest in the Subject Property to the United States;

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), require the United States to publish notice of a forfeiture order and of the Government's intent to

dispose of the forfeited property before the United States can have clear title to the forfeited property;

WHEREAS, notice of the forfeiture action was published in the New York Law Journal once in each of three successive weeks beginning on May 21, 2007.  Proof of such publication was filed with the Clerk of the Court on October 10, 2007;

WHEREAS, notice of the forfeiture action was also published in The Recorder, a newspaper of general circulation in San Francisco, California, once in each of three successive weeks beginning on July 13, 2007.  Proof of such publication was filed with the Clerk of the Court on October 10, 2007;

WHEREAS, between in or about March 2007 and in or about June 2007, notice of the forfeiture action was sent by certified mail to:

1.    Richard Peterson, 96499-011, FCI Terminal Island, Federal Correctional Institution, PO Box 3007, San Pedro, CA 90731;

2.    Mr. Peterson's defense attorney in the underlying criminal action, Jeffrey Scott Niesen, Law Office of Jeffrey S. Niesen, 3030 Bridgeway, Sausalito, CA 94965;

3.    Mr. Peterson's domestic partner, Gregory Crew, at ▉▉▉▉▉▉▉▉▉▉, San Francisco, CA 94117;

4.    State of California, Employment Development Department, P.O. Box 826880, Sacramento, CA 94280-0001;

-4-

5.   State of California, Franchise Tax Board, Sacramento, CA 95812-2952;

6.   City and County of San Francisco, Department of Public Health - Environmental Health, 1390 Market St, Suite 210, San Francisco, CA 94102;

7.   Department of Child Support Services, 617 Mission St, San Francisco, CA 94105;

8.   Department of Child Support Services, 375 Stevenson St, Rm 125, San Francisco, CA 94103;

9.   Internal Revenue Service, PO Box 145585 Stop 8420G, Cincinnati, OH 45250-5585;

10.  Bleier & Cox, 16130 Ventura Blvd, Suite 620, Encino, CA 91436 (as counsel for AT&T Universal Card Services Corp.);

11.  Gillian M. Ross, Esq., Wendel, Rosen, Black, & Dean LLP, PO Box 2047, Oakland, CA 94604-2047 (as counsel for Peerless Coffee Inc.);

12.  Edwin B. Siegel, Brandi Roschko, Law Offices of Siegel & Siegel, 17939 Chatsworth St, Suite 179, Granada Hills, CA 91344 (as counsel for Network Commercial Service, Inc.);

13.  Gilbert Wilkes IV, Attorney at Law, 4301 Secondwind Way, Suite 110, PO Box 3410, Paso Robles, CA 93447-3410 (as counsel for GCFS, Inc.);

14.  James L. McCormick, Hardiman & Carroll, LLP, 450 Sansome St, Ste 700, San Francisco, CA 94111 (as counsel for Avedis Tehlrian); and

15.  Robert F. Knox, 319 Miller Avenue, Ste. 1, Mill Valley, CA 94941 (as counsel for Arturo Buckner and Brenda Buckner);

16. Old Republic Title Company, Legal Department, 475 Sansome Street, Suite 1700, San Francisco, CA 94111;

17. Michael S. Hunt & Jamalie Henriques, Hunt & Henriques, Attorneys at Law, 152 Bernal Road, Suite 8, San Jose, CA 95119 (as counsel for Providian National Bank);

18. Bank of America, 1000 West Temple Street, Los Angeles, CA 90012;

19. Occupant, 763 Clayton Street, San Francisco, CA 94117;

20. Cayman Management Ltd, P.O. Box 1569, Ground Floor, Harbour Centre, Grand Cayman, Cayman Islands, British West Indies;

21. Windsor Village, P.O. Box 30965 SMB, Grand Cayman, Cayman Islands, British West Indies;

WHEREAS, on or about April 26, 2007, Gregory Crew (the "Claimant" or "Crew") filed a petition for a hearing to adjudicate the validity of his alleged interest in the Clayton Street Property and the Grand Cayman Property;

WHEREAS, on or about May 9, 2007, Bank of America filed a petition for a hearing to adjudicate the validity of its alleged interest in the Clayton Street Property;

WHEREAS, on or about January 15, 2008, the Court signed a Stipulation and Order of Settlement of Petition of Bank of America;

-6-

WHEREAS, on or about May 2, 2007, Peerless Coffee Company Inc. ("Peerless") filed a petition for a hearing to adjudicate the validity of its alleged interest in the North Point Property and the Clayton Street Property;

WHEREAS, on or about September 3, 2009, the Court signed a Stipulation and Order of Settlement of Petition of Peerless Coffee Company, Inc.;

WHEREAS, on or about May 31, 2007, Rosalie Tehlirian, Trustee filed a petition for a hearing to adjudicate the validity of the alleged interest of the 1988 Telhirian Living Trust in the North Point Property and the Clayton Street Property;

WHEREAS, on or about January 2, 2008, this Court signed a Stipulation and Order of Settlement of Petition of Rosalie Tehlirian, Trustee, 1988 Telhirian Living Trust;

WHEREAS, on or about August 1, 2007, GCFS, Inc. filed a petition for a hearing to adjudicate the validity of its alleged interest in the North Point Property and the Clayton Street Property;

WHEREAS, on or about January 2, 2008, the Court signed a Stipulation and Order of Withdrawal of Petition of GCFS, Inc.;

WHEREAS, on or about October 28, 2011, the Court issued an Opinion (the "October 28 Opinion"), setting forth its findings

-7-

with respect to Crew's petition and claim to the Clayton Street
Property and the Grand Cayman Property, finding that (i)
$156,857.04 in equity value of the Clayton Street Property, which
represents fraudulent proceeds used to renovate the Clayton
Street Property, shall be forfeited to the Government as proceeds
of the defendant's offense; (ii) the Claimant is entitled to a
one-half interest in the remaining equity -- after deducting the
$156,857.04 -- in the Clayton Street Property; (iii) the other
one-half interest in equity value of the Clayton Street Property
shall be forfeited to the Government; and (iv) Crew is not
entitled to any interest in the Grand Cayman Property;

WHEREAS, on or about November 30, 2011, Crew filed a
notice of appeal, appealing the October 28 Opinion;

WHEREAS, no other petitions to contest the forfeiture
as to the Clayton Street Property have been filed or made in this
action, no other parties have appeared to contest the action to
date, and the statutory time periods for doing so, as set forth
in Title 21, United States Code, Section 853(n)(2), have expired;

WHEREAS, no other petitions to contest the forfeiture
as to the Grand Cayman Property have been filed or made in this
action, no other parties have appeared to contest the action to
date, the statutory time period for those claimants who received

-8-

direct notice of the forfeiture action to file a petition has expired, and the statutory time period for those claimants who did not receive direct notice to file a petition to contest the forfeiture will expire on February 1, 2012, as set forth in Title 21, United States Code, Section 853(n)(2);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to property that is the subject of an order of forfeiture following the Court's disposition of all petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   $156,857.04 of equity value in the Clayton Street Property, which represents crime proceeds used by the defendant for renovations to the Clayton Street Property (the "Crime Proceeds"), is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.   After deducting the Crime Proceeds from the equity value of the Clayton Street Property, a one-half interest in the remaining equity of the Clayton Street Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

-9-

3.   In accordance with the October 28 Opinion, Crew's petition is:

(a)   granted with respect to Crew's one-half interest in the remaining equity in the Clayton Street Property, after the Crime Proceeds are deducted; and

(b)   denied with respect to the Grand Cayman Property.

4.   After the time period for those persons who did not receive direct notice of the forfeiture action relating to the Grand Cayman Property to file petitions expires on February 1, 2012, and to the extent no such petitions are timely filed, (i) all right, title and interest in the Grand Cayman Property shall hereby be forfeited and vested in the United States of America, and shall be disposed of according to law, (ii) pursuant to 21 U.S.C. § 853(n)(7), the United States of America shall be deemed to have clear title to the Grand Cayman Property, and (iii) the United States Marshals Service shall take possession of the Grand Cayman Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

5.   Pursuant to 21 U.S.C. § 853(n)(7), the United States of America shall and is hereby deemed to have clear title

-10-

to a one-half interest in the remaining equity in the Clayton Street Property.

   6. To the extent that no petitions are timely filed by February 1, 2012, as set forth in paragraph 4 above, the United States Marshals Service shall take possession of the Grand Cayman Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

   7. The execution of this Order shall be stayed pending the resolution of Crew's appeal of the October 28 Opinion.

   8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Kan M. Nawaday Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

   SO ORDERED.

Dated: New York, New York
   January 3, 2012

           DENNY CHIN
           United States Circuit Judge
           Sitting by Designation