UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x
                                        :
UNITED STATES OF AMERICA
                                        :
          - against -                   :      **MEMORANDUM & ORDER**
                                        :
RICHARD PETERSON,                              04 Cr. 752 (DC)
a/k/a "Robert James,"                   :

               Defendant,               :

          - and -                       :

GREGORY CREW,                           :

               Claimant and Third-      :
               Party Petitioner.
                                        :
- - - - - - - - - - - - - - - - - - - -x

**CHIN, Circuit Judge**

          Before the Court is a motion by claimant and third-
party petitioner Gregory Crew to set aside in part the Final
Order of Forfeiture entered in this case on January 3, 2012 (the
"Final Forfeiture Order").  For the reasons set forth below,
Crew's motion is denied.

                          *BACKGROUND*

          On July 19, 2005, defendant Richard Peterson, Crew's
long-term domestic partner, pled guilty to wire fraud and
engaging in the business of insurance after having been
convicted of a felony involving a breach of trust.  On February

28, 2007, I sentenced Peterson principally to 120 months' imprisonment.

On March 13, 2007, I entered a Preliminary Forfeiture Order, directing forfeiture of, inter alia, all of Peterson's right, title, and interest in the property located at (1) 763-765 Clayton Street, San Francisco, California (the "Clayton Street Property"), and (2) Unit #14, Windsor Village, Grand Cayman Islands, British West Indies (the "Grand Cayman Property"). See Preliminary Order of Forfeiture ¶ 2, United States v. Peterson, No. 04 Cr. 752 (S.D.N.Y. Mar. 13, 2007), ECF No. 43. The Preliminary Forfeiture Order also directed the Government to send notice of its intent to dispose of the forfeited properties to all persons and entities with an alleged interest in any of those properties. Id. ¶¶ 3-5. Crew filed a timely petition asserting claims to both the Clayton Street and Grand Cayman Properties and requesting a hearing to adjudicate the validity of his alleged interest in those properties. See Petition, United States v. Peterson, No. 04-CR-752 (S.D.N.Y. Apr. 27, 2007), ECF No. 51.

After a two-day hearing to address Crew's claims, I concluded in an Opinion dated October 28, 2011 that Crew had a community property interest in the Clayton Street Property, but

- 2 -

not in the Grand Cayman Property (the "Opinion").  See United
States v. Peterson, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011).  I
found that (i) $156,857.04 in value of the Clayton Street
Property represented Peterson's fraudulent proceeds used to
renovate the property; (ii) Crew had a one-half community
property interest in the remaining value -- after deducting
$156,857.04 -- of the Clayton Street Property; and (iii) Crew
had no property interest in the Grand Cayman Property.  See id.
at 588.  On January 3, 2012, I entered the Final Forfeiture
Order directing forfeiture of:  (1) $156,857.04 in value of the
Clayton Street Property; (2) a one-half interest in the
remaining value of the Clayton Street Property; and (3) all
right, title and interest in the Grand Cayman Property
(collectively, the "Forfeited Property").  See Final Order of
Forfeiture as to the Clayton Street and the Grand Cayman
Properties at 9-10, United States v. Peterson, No. 04 Cr. 752
(S.D.N.Y. Jan. 3, 2012), ECF No. 155.

        Crew filed a timely notice of appeal, but the Second
Circuit dismissed the appeal on September 18, 2012 for failure
to prosecute.  See Order, United States v. Crew, No. 11-5141 (2d
Cir. Sept. 18, 2012), ECF No. 57.  On January 24, 2013, however,
the Second Circuit recalled its mandate.  See Order, United

- 3 -

States v. Crew, No. 11-5141 (2d Cir. Jan. 24, 2013), ECF No. 67
(noting that mandate was issued in error).

On January 11, 2013, after Crew's appeal was dismissed
but before the mandate was recalled, Crew filed the instant
motion challenging the Final Forfeiture Order.  See Motion to
Set Aside Forfeiture Order in Violation of the Eighth Amendment,
United States v. Peterson, No. 04-CR-752 (S.D.N.Y. Jan. 11,
2013), ECF No. 163.[1]  Crew argues that the Final Forfeiture Order
should be set aside because (i) he was an "innocent owner" of
the Clayton Street and Grand Cayman Properties, under 18 U.S.C.
§ 983(d)(1); and (ii) forfeiture of the Clayton Street and Grand
Cayman Properties constituted an "excessive fine[]" prohibited
by the Eighth Amendment.  See id. at 9.

### DISCUSSION

A.   *This Court's Jurisdiction Pending Appeal*

  1.   *Applicable Law*

Generally, "[t]he filing of a notice of appeal is an
event of jurisdictional significance -- it confers jurisdiction
on the court of appeals and divests the district court of its
control over those aspects of the case involved in the appeal."

_____

[1]      Crew's motion is dated January 4, 2013, but it was
received in this Court's pro se office on January 10, 2013 and
filed electronically on January 11, 2013.

Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).
Nevertheless, Federal Rule of Civil Procedure 62.1 provides
that, when a motion is made for relief that the district court
lacks authority to grant due to a pending appeal, the court may
"(1) defer considering the motion; (2) deny the motion; or (3)
state either that it would grant the motion if the court of
appeals remands for that purpose or that the motion raises a
substantial issue."  Fed. R. Civ. P. 62.1.

        Courts in this Circuit have exercised their authority
under Rule 62.1 to deny Rule 60(b) motions when such motions are
meritless.   See, e.g., Gucci Am., Inc. v. Weixing Li, No. 10
Civ. 4974, 2012 WL 1883352, at *2 n.3 (S.D.N.Y. May 18, 2012)
(retaining jurisdiction under Rule 62.1 to deny motion for
reconsideration); Whitaker v. N.Y. Univ., No. 09 Civ. 8410, 2012
WL 2369510, at *2-3 (S.D.N.Y. June 20, 2012) (same).

    2.   *Application*

        It is not clear from Crew's motion papers on what
basis he is seeking relief.  To the extent Crew is challenging
the Opinion insofar as it concluded that he had no interest in
the Grand Cayman Property and only a partial interest in the
Clayton Street Property, I liberally construe his motion as a

- 5 -

request for relief from a final judgment pursuant to Federal
Rule of Civil Procedure 60(b).

In light of Crew's pending appeal of the Opinion, I
exercise my discretion under Rule 62.1 to deny Crew's Rule 60(b)
motion because it is untimely and meritless.

B.   **The Motion to Vacate**

1.   *Applicable Law for a Rule 60(b) Motion*

Under Rule 60(b), a district court may relieve a party
from a final judgment for mistake, newly discovered evidence,
fraud, a void or satisfied judgment, or "any other reason that
justifies relief." Fed. R. Civ. P. 60(b). Motions for relief
from a judgment are "committed to the 'sound discretion' of the
district court," Stevens v. Miller, 676 F.3d 62, 67 (2d Cir.
2012) (citation omitted), and are generally granted only upon a
showing of "exceptional circumstances," Motorola Credit Corp. v.
Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (citation and internal
quotation marks omitted). Further, a Rule 60(b) motion is not
the proper means to "relitigate the bases for the . . .
judgment." Competex, S.A. v. Labow, 783 F.2d 333, 335 (2d Cir.
1986).

A motion for relief from a final judgment "must be
made within a reasonable time" and, where relief is sought under

- 6 -

Rule 60(b)(1), (2), or (3), "no more than a year after the
entry of the judgment or order" in question.  Fed. R. Civ. P.
60(c)(1); see Freedom, N.Y., Inc. v. United States, 438 F. Supp.
2d 457, 462, 464-65 (S.D.N.Y. 2006) (finding that motions
brought under Rule 60(b)(1)-(3) must be brought within one year
of challenged judgment to "strike balance between serving ends
of justice and preserving finality of judgments" (internal
quotation marks and citation omitted)).

Rule 60 does not impose a specific time limit for
filing a motion for relief from a final judgment under Rule
60(b)(6); thus, we must "scrutinize the particular circumstances
of the case, and balance the interest in finality with the
reasons for delay."  PRC Harris, Inc. v. Boeing Co., 700 F.2d
894, 897 (2d Cir. 1983).  A delay of almost one year in filing a
Rule 60(b)(6) motion may be untimely if the movant has presented
no persuasive reasons to justify the delay.  See id.

2.  *Application*

a.  *Timeliness*

Regardless of which subsection of Rule 60(b) Crew
relies upon, his motion is untimely because it was not filed
within a "reasonable time."  Fed. R. Civ. P. 60(c)(1).  The
instant motion was filed more than fifteen months after I ruled

- 7 -

on Crew's third-party petition on October 28, 2011, and more than a year after I entered the Final Forfeiture Order on January 3, 2012.

If Crew's motion relies upon Rule 60(b)(1)-(3), he has exceeded the one-year window in which he could have brought a timely motion. See id. On the other hand, if he relies upon Rule 60(b)(6), his delay exceeds a "reasonable time" under "the particular circumstances" of this case. PRC Harris, Inc., 700 F.2d at 897. Crew delayed more than a year before filing his motion, and he failed to present any persuasive grounds to justify such delay. See id. Accordingly, his motion to set aside the Final Forfeiture Order is denied as untimely.

### b.   *The Merits*

Even assuming Crew's Rule 60(b) motion were timely, it nevertheless fails on the merits. Crew has failed to identify any mistake, newly discovered evidence, or fraud that would warrant relief at this time. Nor has he shown that there are any "exceptional circumstances" justifying reconsideration of the Opinion. Motorola Credit Corp., 561 F.3d at 126. Rather liberally construed, Crew's papers suggest he is making two arguments: (1) he is asserting an "innocent owner" defense, and

(2) the Final Forfeiture Order has resulted in an "excessive
fine[]" prohibited by the Eighth Amendment.

> i.   *Innocent Owner Defense*

First, Crew contends that the Final Forfeiture Order
should be set aside because he is an "innocent owner" of the
Clayton Street and Grand Cayman Properties under 18 U.S.C.
§ 983(d).

> 1.   *Applicable Law*

Under the Civil Asset Forfeiture Reform Act of 2000
("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, an "innocent
owner's interest in property shall not be forfeited under any
civil forfeiture statute."  18 U.S.C. § 983(d)(1).  This
"innocent owner defense" applies to "a suit or action brought
under any civil forfeiture statute."  Id. § 983(c).  CAFRA
defines "civil forfeiture statute" as "any provision of Federal
law providing for the forfeiture of property other than as a
sentence imposed upon conviction of a criminal offense."
Id. § 983(i)(1) (emphasis added).  On the other hand, "[i]f
criminal forfeiture is the only forfeiture proceeding commenced
by the Government, the Government's right to continued
possession of the property shall be governed by the applicable

criminal forfeiture statute." Id. § 983(a)(3)(C) (emphasis added).

None of the applicable criminal forfeiture laws contains an "innocent owner" defense. See Fed. R. Crim. P. 32.2; 21 U.S.C. § 853(n); see also United States v. Bennett, No. S1 97 Cr. 639, 2004 WL 736928, at *3 n.5 (S.D.N.Y. Apr. 5, 2004) ("[T]he innocent owner defense is a defense to civil forfeiture, and may not be relied upon as a defense to criminal forfeiture."); United States v. Corey, No. 3:04 Cr. 349, 2006 WL 1281824, at *9 n.12 (D. Conn. May 9, 2006) (finding innocent owner defense inapplicable in criminal forfeiture action).

Two different outlets for relief are available in criminal forfeiture. A third-party petitioner who asserts a legal interest in property that has been ordered forfeited to the Government in a criminal proceeding will be entitled to relief if he can establish by a preponderance of the evidence that (1) he had a vested or superior interest in the property at issue at the time of the criminal acts giving rise to the forfeiture, or (2) he was a bona fide purchaser for value without reason to know that the property was subject to forfeiture. See 21 U.S.C. § 853(n)(6)(A)-(B).

- 10 -

2.   *Application*

Crew's innocent owner defense fails.  First, Crew
cannot invoke CAFRA's innocent owner defense to set aside the
Final Forfeiture Order as to the Clayton Street and Grand Cayman
Properties, as the innocent owner defense applies to civil
forfeiture, not criminal forfeiture.  Here, the Government
sought forfeiture under the criminal forfeiture statute.  Thus,
CAFRA's innocent owner defense is unavailable in this case.

Second, Crew was not an innocent owner of the
Forfeited Property.  I determined Crew's property interest after
a two-day hearing during which Crew was represented by counsel
and I considered testimony and documents regarding his alleged
ownership of the Forfeited Property.  I carefully considered
Crew's asserted defenses under the criminal forfeiture statute,
and concluded that he was not a bona fide purchaser for value
and that he could not demonstrate a vested or superior interest
in the Forfeited Property before the beginning of Peterson's
criminal acts, which began in 2000.  See 21 U.S.C.
§ 853(n)(6)(A)-(B).  Rather, I determined that the Forfeited
Property belonged to Peterson, and only Peterson's interest
therein was forfeited.  Thus, even assuming Crew was innocent in
the sense that he was not aware or complicit in Peterson's

criminal conduct, his ownership interest was not forfeited by the Final Forfeiture Order.

Third, Crew has not identified any error in my rulings. Crew fails to point to any mistake, newly discovered evidence, fraud, or "exceptional circumstances" indicating that he is a bona fide purchaser for value or that he has a vested or superior interest in the Forfeited Property.  Accordingly, Crew is not entitled to set aside the Final Forfeiture Order under the innocent owner defense.

ii.   *Eighth Amendment*

Second, Crew argues that the forfeiture of the Clayton Street and Grand Cayman Properties constitutes an "excessive fine[]" prohibited by the Eighth Amendment.

1.   *Applicable Law*

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed."  U.S. Const. amend. VIII.  A "fine" is "a payment to a sovereign as punishment for some offense."  Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265 (1989).  As a result, only those forfeitures that "may be characterized, at least in part, as punitive will . . . be considered a fine for purposes of the [Eighth Amendment]."  Von Hofe v. United States,

492 F.3d 175, 182 (2d Cir. 2007) (citing <u>Austin v. United</u>
<u>States</u>, 509 U.S. 602, 621-22 (1993)).

The Government may seek criminal forfeiture of
property only to the extent of the defendant's interest in that
property.  <u>See Pacheco v. Serendensky</u>, 393 F.3d 348, 355 (2d
Cir. 2004) (concluding that the criminal defendant could have
forfeited only his own interest in the forfeited property).
"The purposes of the forfeiture penalty are to punish, deter and
disempower criminals, aims which are not furthered by taking an
innocent owner's share."  <u>Id.</u> (citations omitted)

2.  *Application*

Crew's Eighth Amendment claim fails.  His reliance on
the Eighth Amendment is misplaced because he was not being
punished or fined.  Rather, forfeiture was imposed on Peterson
as part of Peterson's sentence.  In the Opinion, I concluded
that part of the interest in the Clayton Street Property and all
of the interest in the Grand Cayman Property belonged to
Peterson, and it was only those interests that were forfeited.
<u>See Peterson</u>, 820 F. Supp. 2d at 588; Final Forfeiture Order.
The interest in the Clayton Street Property that I determined
belonged to Crew, on the other hand, was not forfeited.  Crew
may disagree with my decisions regarding his ownership

- 13 -

interests, but he has not identified any basis for setting aside those findings.

### CONCLUSION

For the reasons set forth above, Crew's motion is denied.

SO ORDERED.

Dated:   New York, New York
         May 1, 2013

DENNY CHIN
United States Circuit Judge
Sitting By Designation

- 14 -