| | |
|---|---|
| 1 | LEON TOPPIN |
| 2 | 763 Clayton Street<br>San Francisco, CA 94117 |
| 3 | Telephone: (415) 742-9952 |
| 4 | INTERVENING TOWNHOUSE PURCHASER CLAIMANT PRO SE |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO: 1:04-CR-752-DC | |
| Plaintiff, | ) | | |
| vs. | ) | **OPPOSITION OF INTERVENING TOWNHOUSE PURCHASER CLAIMANT LEON TOPPIN:** | |
| RICHARD PETERSON, | ) | | |
| Defendant, | ) | TO THE LETTER-MOTION OF 50% TOWNHOUSE CO-OWNER & PLAINTIFF, UNITED STATES, FOR AN ORDER SEEKING CONTROL & AUTHORITY TO SELL **THE ENTIRED RESTORED & RENOVATED SAN FRANCISCO VICTORIAN TOWNHOUSE LEGALLY KNOWN AS "763A-763-765 CLAYTON STREET, SAN FRANCISCO, CA 94117", BASED ON UNITED STATES' LIMITED 50% TITLE INTEREST WHEN IT HAS DEFAULTED IN ALL OF ITS OBLIGATIONS AS A CO-OWNER,** | |
| GREGORY CREW, | ) | | |
| Claimant, | ) | | |
| LEON TOPPIN, | ) | WHEN TOPPIN HAS NEVER RECEIVED NOTICE OF THESE FORFEITURE PROCEEDINGS AT ANY TIME PRIOR TO APRIL 24, 2016, WHICH RENDERS THE FORFEITURE PROCEEDINGS NULL AND VOID AB INITIO WITH THE COURT LACKING SUBJECT MATTER JURISDICTION THEREOVER, AND | |
| Intervening Townhouse Purchaser Claimant. | ) | | |
| | ) | WHICH LETTER-MOTION WOULD VIOLATE THE "APRIL 20, 1996 PETERSON-TOPPIN EXCLUSIVE LIFETIME TOWN-HOUSE AGREEMENT" THAT GRANTS TOPPIN A LIFETIME OPTION TO PURCHASE THE TOWNHOUSE WITH THE "APRIL 20, 1996 PETERSON-TOPPIN EXCLUSIVE LIFETIME TOWNHOUSE AGREEMENT" SERVING AS AN INSTALMENT SALE AGREEMENT, AND | |

---

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 1 of 26

| | |
|---|---|
| A | ) WHICH EXCLUSIVE LIFETIME OPTION<br>) WAS LEGALLY EXERCISED BY TOPPIN<br>) ON APRIL 26, 2016, <u>UPON BECOMING</u><br>) <u>AWARE OF THESE FORFEITURE</u><br>) <u>PROCEEDINGS FOR THE FIRST TIME</u>, AND<br>)<br>) WHICH OPTION EXERCISE MADE TOPPIN<br>) THE LAWFUL PURCHASER OF THE<br>) TOWNHOUSE UNDER CALIFORNIA LAW<br>) PURSUANT TO THE "APRIL 20, 1996<br>) PETERSON-TOPPIN EXCLUSIVE LIFETIME<br>) TOWNHOUSE AGREEMENT" WHICH<br>) SERVES AS AN INSTALLMENT SALE<br>) AGREEMENT FOR TOPPIN'S PURCHASE<br>) OF THE TOWNHOUSE.<br>)<br>) **MEMORANDUM OF POINTS &**<br>) **AUTHORITIES;**<br>)<br>) **DECLARATION OF LEON TOPPIN IN**<br>) **SUPPORT HEREOF;**<br>)<br>) **EXHIBITS IN SUPPORT HEREOF.**<br>)<br>) **DATE:**   May 4, 2016<br>) **DEPT:**   To Be Determined<br>) **JUDGE:** Circuit Court Judge Danny Chin<br>) |

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 2 of 26

# OPPOSITION

## I.

## INTRODUCTION

(1) Intervening Townhouse Purchaser Leon Toppin is in a medically disabled and potentially terminal state of kidney failure requiring continuous kidney dialysis while awaiting a kidney transplant. As a result, Toppin is frequently hospitalized with limited access to resources and legal materials.

(2) The Restored & Renovated San Francisco Victorian Townhouse which is the subject of these Forfeiture Proceedings **contains three separate and distinct full floor Apartments with separate entrances, addresses and occupants,** known as **"763A-763-765 Clayton Street, San Francisco, CA 94117"** (the **"Townhouse"**) as evidenced by the Photo of the front entrances attached hereto as Exhibit 1 and made a part hereof by this reference (the **"Photo Of Townhouse Three Separate Apartment Entrances & Addresses"**).

(3) On April 12, 2016, Plaintiff United States (**"U. S."**), as a LIMITED 50% Co-Owner of the Townhouse, filed a "Letter-Motion" with the Court, together with a Proposed Order thereon, seeking Court authorization for the United States to take control of and sell the Property (the **"U. S. April 12, 2016 Letter-Motion"**).

(4) **NO NOTICE OF THIS "U. S. APRIL 12, 2016 LETTER-MOTION" and Order thereon, OR OF ANY OF THE PRIOR FORFEITURE PROCEEDINGS CONDUCTED BY THIS COURT in connection with the Townhouse, HAS EVER BEEN PROVIDED to Intervening Townhouse Purchaser Claimant Leon Toppin ("Toppin" or

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 3 of 26

1 **"Intervening Purchaser Toppin") AT ANY TIME,** even though Toppin has continually occupied and been the Occupant of the separate and distinct first floor Apartment known as the **"First Floor Toppin 763 Clayton Street Apartment"** since April 20, 1996, **a period of over 20 years,** pursuant to the **"April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement"**, a true and correct copy of which is attached hereto as **Exhibit 2,** which Toppin entered into with Richard Peterson on April 20, 1996, many years prior to any 2002-2004 criminal conduct and acts alleged against Peterson in this Criminal Case

(5) Intervening Townhouse Purchaser Toppin only discovered the existence of these Forfeiture Proceedings on April 24, 2016, when mail that had arrived at the "Toppin Separate First Floor 763 Clayton Street Apartment" was delivered to Toppin and he inadvertently opened an envelope in his mail which contained Notice of an April 12, 2016 Letter-Motion and proposed Order thereon **which had been erroneously sent** by Assistant United States Attorney Jason Cowley **to Claimant Gregory Crew at "Toppin's Separate First Floor 763 Clayton Street Apartment"** in the Townhouse, instead of to Crew's actual and correct address of the **"Crew-Peterson Separate Middle Floor 763A Clayton Street Apartment"**, occupied by Peterson and Crew.

(6) Intervening Townhouse Purchaser Toppin opposes the April 12, 2016 Letter-Motion on the following grounds:

**(A) Toppin's Non-Notice Of Forfeiture Proceedings Until Their Inadvertent Discovery On April 24, 2016 Renders These Forfeiture Proceedings Null & Void Ab Initio And In Violation Of Toppin's Constitutional Rights To Due Process And The Court Therefore Lacks Subject Matter Jurisdiction To Consider And/Or Rule Upon The Merits Of The April 12, 2016 Letter-Motion.**

---

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 4 of 26

1) Toppin has never at any time received Notice of the Forfeiture Proceedings being conducted in this Case, <u>prior to Toppin's inadvertent and erroneous April 24, 2016 receipt of the "U. S. April 12, 2016 Letter-Motion" erroneously sent by the United States to 50% CoOwner Claimant Gregory Crew</u> **at Toppin's separate and distinct full floor Apartment known as "763 Clayton Street, San Francisco, CA 94117" ("Toppin's Separate763 Clayton Street Apartment")**, which Toppin has continuously occupied and resided in since April 20, 1996, pursuant to the **"April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement"** attached hereto as **Exhibit 2**, which Toppin entered into with Richard Peterson on April 20, 1996, <u>years prior to any criminal conduct and acts alleged against Peterson in this Criminal Case</u>;

2) As a result of such failure to provide Toppin with the mandatory Notices of such Forfeiture Proceedings, the Forfeiture Proceedings were at all times null and void ab initio under both Federal and California law and violate Toppin's U. S. Constitutional due process rights under the Fifth & Fourteenth Amendments to the U. S. Constitution and Toppin's Constitutional due process rights under the California Constitution;

3) As a result of the preceding, the Court lacks subject matter jurisdiction to consider or rule upon the merits of the U. S. April 12, 2916 Letter-Motion and the proposed Order thereon.

**(B)  The "U. S. April 12, 2016 Letter-Motion" Violates The Prohibitions & Requirements Of Local Rules 7.1 & 7.2 Of The U. S. District Court For The Southern District Of New York, And Thus, The Court Lacks Subject Matter Jurisdiction To Consider And/Or Rule Upon The Merits Of The "U. S. April 12, 2016 Letter-Motion".**

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 5 of 26

1) Local Rule 7.1 does not authorize or permit Letter-Motions except for "non-dispositive matters";

2) The U. S. request for an Order authorizing final control over and the right to sell the ENTIRE Townhouse by the U. S., <u>when the U. S. only has a 50% Title Interest in the Townhouse and has defaulted on all of its obligations as a 50% CoOwner since 2002</u>, **is not a "non-dispositive matter" specified by such Local Rule**;

3) Thus, the Court lacks subject matter jurisdiction to consider and/or rule upon the merits of the U. S. April 12, 2016 Letter-Motion and Order thereon.

(C) **The "U. S. April 12, 2016 Letter-Motion & Proposed Order Thereon, If Granted By The Court, Would Violate Toppin's Legal & Constitutional Rights As The Existing Purchaser Of The Townhouse Pursuant To Toppin's April 26, 2016 Exercise Of Toppin's Exclusive Lifetime Option To Purchase The Townhouse Pursuant To The Terms Of The "April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement".**

1) On April 24, 2016, upon inadvertently and erroneously receiving the "U. S. April 12, 2016 Letter-Motion" and Order thereon, <u>which the U. S. had erroneously addressed to Claimant Gregory Crew at "Toppin's Separate 763 Clayton Street Apartment", instead of "Crew's Separate 763A Clayton Street Apartment"</u>, **Toppin discovered for the very first time, the existence of these Forfeiture Proceedings for which Notice thereof had never previously been provided to or received by Toppin**;

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 6 of 26

2) On April 26, 2016, Toppin immediately exercised his Exclusive Lifetime Option granted to Toppin pursuant to the "April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement" entered into between Peterson and Toppin many years prior to the criminal conduct alleged against Peterson by the U. S. in this Criminal Case.

3) The "April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement" remains legally valid and enforceable today and has never expired or been terminated or canceled by either Peterson or Toppin.

4) Toppin duly exercised his Exclusive Lifetime Option to purchase the Townhouse on April 26, 2016 in accordance and full compliance with California Law and the legally enforceable "April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement".

5) As a result, any attempts by the U. S. to gain control over the Townhouse or an order authorizing its complete sale to a third party would violate Toppin's contractual rights and purchase rights under the Agreement and under the U. S. and California Constitutions.

6) Thus, the Court lacks subject matter jurisdiction to consider and/or rule upon the merits of the "U. S. April 12, 2016 Letter-Motion" and Proposed Order thereon.

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 7 of 26

## II.

## STATEMENT OF FACTS

(7) <u>The April 12, 2016 Letter-Motion was and is filed in direct violation of the mandatory requirements of both</u>:

    (A)    The Federal Rules Of Civil Procedure (**"FedRulesCivPro"**); **and**

    (B)    The Local Rules of the U. S. District Court For The Southern District Of New York (the **"USDCSDNY Local Rules"**);

**either of which, as well as both, results in the USDCSDNY lacking subject matter jurisdiction to consider and/or rule on the April 12, 2016 Letter-Motion, for the reasons set forth below.**

(8)    The **"Restored & Renovated San Francisco Victorian Townhouse"** which is the subject of the Forfeiture Proceedings in this Case (the **"Townhouse"**), <u>consists of three distinct and separate full-floor Apartments (the **"Three Full-Floor Separate & Distinct Apartments"**), each of which has a separate front door entrance and each of which has its own separate and distinct address</u>, as evidenced by the photo of the separate front door entrances to the three (3) separate "Full Floor Separate & Distinct Apartments", each having their own mail slot for mail delivery, which is attached hereto as **Exhibit 1** and made a part hereof by this reference (the **"Photo Of The Three Separate Full Floor Apartment Entrances"**), to wit:

    (A)    The **"Lower Floor Separate & Distinct Apartment"** which has a separate and distinct entrance and address of "763 Clayton Street, San Francisco, CA 94117" and

---

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 8 of 26

is known as the "**Lower Floor 763 Clayton Street Apartment**" has been continuously occupied by Leon Toppin **("Toppin") and will be occupied by Toppin for his lifetime,** pursuant to the "**April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement**" signed and executed by Defendant Richard Peterson and delivered to and executed by Toppin on April 20, 1996, over eight (8) years prior to commencement of any of the Criminal Acts alleged against Peterson in this Case (the "Peterson Criminal Case"), when Peterson owned 100% of all right, title and interest in and to the Townhouse, a true and correct copy of which is attached hereto as **Exhibit 2** and made a part hereof by this reference (the "**April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement**", which includes:

        1)    The Grant to Toppin by Peterson of a Lifetime Occupancy Agreement for the First Floor Apartment for services previously rendered prior to April 20, 1996 (the "**Lifetime 763 Clayton First Floor Apartment Occupancy Agreement**"); and

        2)    The Grant to Toppin by Peterson of an "**Exclusive Lifetime Option To Purchase Entire Townhouse Agreement**", providing Toppin with the exclusive right to purchase the entirety of the Townhouse pursuant to the "April 20, 1996 Exclusive Lifetime Townhouse Agreement" which, upon Toppin's Exercise of the Option, converts to an "Installment Sale-Purchase Agreement" (otherwise known as a "Land Contract") (the "**Exclusive Lifetime Option To Purchase Townhouse Agreement**");

        (B)    The "**Middle Floor Separate & Distinct Apartment**" which has the separate and distinct entrance and address of "**763A** Clayton Street, San Francisco, CA 94117" and is known as the "**Middle Floor 763A Clayton Street Apartment**" has been continuously occupied by Peterson and Crew as Domestic Partners since 1993;

---

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 9 of 26

(C) The **"Upper Floor Separate & Distinct Apartment"** which has the separate and distinct entrance and address of "765 Clayton Street, San Francisco, CA 94117", and is known as the **"Upper Floor 765 Clayton Street Apartment"** has been continuously occupied by Tenant Luice Huang (**"Huang"**) since January 2004 pursuant to an Annually Renewable Rental Agreement with Peterson & Crew (the **"Huang Rental Agreement"**);

all of which was actually known by the U.S. or should have and could have been actually known by the U.S. at all times during the Forfeiture Proceedings being prosecuted by the U.S. in this Case.

(9) Claimant Crew never received Notice or service of the Letter-Motion or of the Court's April 14, 2014 Order thereon, because the U. S. erroneously mailed the documents to Claimant Crew **at "Toppin's First Floor 763 Clayton Street Apartment" which has been continuously occupied by Toppin since April 20, 1996 pursuant to the "April 20, 1996 Peterson-Toppin Exclusive Lifetime Townhouse Agreement" and Claimant Crew never received the documents sent by AUSA Cowley via Federal Express, until Toppin sent a messenger with the documents to Crew on April 27, 2016, all of which results in the Court lacking subject matter jurisdiction to either consider or rule on the Letter-Motion.**

(A) The fact that Crew never received the documents in a normal time frame is evidenced by the Declaration Of Service filed with the Court by Assistant United States Attorney Jason Cowley ("AUSA Cowley"), which provides indisputable and incontrovertible evidence that Cowley sent the Federal Express envelope to the wrong address, **sending it to the "First Floor 763 Clayton Street Apartment" occupied by Leon Toppin since April 20, 1996,** instead of to Claimant Crew's "Middle Floor **763A Clayton Street** Apartment", and as a

United States v. Richard Peterson
U. S. District Court, Southern District Of New York, Criminal Case No. 1:04-CR-752-DC

Opposition Of Intervening Townhouse Purchaser Claimant Leon Toppin To The Letter-Motion Of 50% Townhouse Co-Owner & Plaintiff, United States, For An Order Seeking Control & Authority To Sell The Restored & Renovated San Francisco Victorian Townhouse Legally Known As "763A-763-765 Clayton Street, San Francisco, Ca 94117", Based On United States' Limited 50% Title Interest When It Has Defaulted On All Of Its Townhouse Obligations As A Co-Owner.
Page 10 of 26