# AGUILAR LAW OFFICES

A PROFESSIONAL LAW CORPORATION

601 Van Ness Avenue, Suite E504

San Francisco, California 94102

TELEPHONE (415) 851-9898 FACSIMILE (415) 795-4701

May 15, 2018

**BY ECF**

The Honorable Denny Chin

United States Circuit Judge (Sitting by Designation)

southern District of New York

Thurgood Marshall United States Courthouse

40 Foley Square

New York, New York 10007

> RE:    United States v. Richard Peterson
>           04 Cr. 752 (DC)

Dear Judge Chin:

For the reasons set forth herein, Gregory Crew, Claimant in the subject action, respectfully withdraws his April 24, 2018 Motion for Removal of the Government's Lien, Correction of Lien, and for a Temporary Restraining Order stopping any sale of the subject property. Dkt. No. 219.

### Relevant Background

On October 28, 2011, the Court issued its opinion adjusting the forfeiture order to account for Gregory Crew's community property interest in the San Francisco property, concluding that after the $156,857.04 in fraudulent proceeds that Peterson invested in renovations to the San Francisco property are deducted, Gregory Crew is entitled to one-half interest in the remaining equity in the property. Dkt. No.150.

On January 3, 2012, the Court issued its Final Order of Forfeiture As to the Clayton Street and the Grand Cayman properties as to Richard Peterson. In regard to the Grand Cayman properties, all right, title and interest was to be forfeited and vested in the United States of America and disposed of according to law. In regard to the Clayton Street property, after deducting the Crime Proceeds from the equity value of the Clayton Street property, a one-half interest in the remaining equity of the Clayton Street property was forfeited and vested in the United States of America and a one-half interest in the remaining equity was granted to Gregory Crew. Dkt. No. 155.

On October 13, 2016, the Court issued its Order for the Sale of Real Property and ordered

-1-

that the United States Marshals Service shall provide written notice to Crew of a signed contract of sale for the Clayton Street Property and that Crew shall have sixty (60) days from the date of such notice to vacate the Clayton Street Property. The Court excluded from the "Net Proceeds" of the sale of the Clayton Street Property ten (10) categories of customary closing costs related to the sale of the property. Dkt. 200-1.

On April 12, 2018, the Government filed with this Court an application for a Writ of Assistance and Order of Eviction, seeking to evict certain occupants, including Richard Peterson and Gregory Crew, from the property at 763 Clayton Street, San Francisco, California, 94771 (the "Property"), pursuant to the Court's Order for the Sale of Real Property and Final Order of Forfeiture previously entered in this case. Dkt. No. 217.

In response to Gregory Crew's motion, on April 26, 2018 the Court issued an Order denying Gregory Grew's motion for a Temporary Restraining Order and ordering the government to respond to Crew's motion no later than May 18, 2018 and further ordering any interested party wishing to oppose the Government's motion to do so in writing no later than May 18, 2018. Dkt. No. 217.

**Gregory Crew seeks an opportunity to negotiate the purchase of the forfeited interest in the Clayton Street Property**.

Gregory Crew and the government have entered into an Occupancy and Indemnity Agreement that is consistent with the Court's October 13, 2016 Order for the Sale of Real Property rendering moot the government's application for a Writ of Assistance and Order of Eviction. As a consequence thereof, Gregory Crew withdraws his April 24, 2018 Motion for Removal of the Government's Lien, Correction of Lien, and for a Temporary Restraining Order stopping any sale of the subject property.

Gregory Crew desires keep the home he has know for the past 30 years. Gregory Crew would like time to negotiate a purchase of the forfeited interest in the Clayton Street Property and would like to enter into a settlement agreement with the United States Attorneys to purchase the government's interest in the Clayton Street Property.

Chapter 3, B. of the Asset Forfeiture Policy Manual sets as government policy Settlements to forfeit property are encouraged to conserve the resources of both the United States and claimants in situations where justice will be served. Chapter 3 B.9 of the Asset Forfeiture Policy Manual provides that family members who already own a partial interest in the forfeited property may purchase the forfeited interest with legitimate funds.

The authority of the U.S. Attorney to settle a forfeiture matter is circumscribed by Attorney General Order No. 1598-92, which, inter alia, authorizes the Assistant Attorney General for the Criminal Division to re-delegate the maximum amount of his settlement authority to U.S. Attorneys. 28 C.F.R. §§ 0.168(b), (d). In a criminal forfeiture case, the amount involved is the fair market value of the defendant's interest in the aggregate value of any property that has been seized.

In the next few weeks the government will have secured an appraisal of the Clayton Street Property and established its fair market value.  Gregory Crew has secured several investors who have issued Letters of Intent to supply the funds necessary to purchase the forfeited interest that the Court has granted to the government.  Each of these investors will allow Gregory Crew to live out his senior years in the only home he has known for the past three decades and who are prepared to open escrow with cash funds within thirty (30) days.

Gregory Crew believes that he can provide the government with sufficient verifiable evidence of his investor's financial ability within the next thirty (30) days to ensure that a settlement is fiscally sound from the Government's perspective and that ownership interests and title issues are adequately addressed in the settlement agreement allowing the USMS to carry out the terms of the settlement.

A settlement agreement with Gregory Crew allowing him to preserve his home would be just and proper and would not be inconsistent with the Court's Orders in this matter or the government's interest in conserving the resources of both the United States and the other claimants.

Respectfully submitted,


    /s/ *Raul V. Aguilar*
Raul V Aguilar, Esq.
Attorney for Gregory Crew (Claimant)
(415) 851-9898


RVA: SS

-3-