UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

                                        :          MEMORANDUM DECISION
        - against -                                      & ORDER
                                        :
                                                    04 Cr. 752 (DC)
RICHARD PETERSON,                       :

              Defendant.                :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**     Steven L. Kessler, Esq.
                    *pro se*
                    100 Park Avenue, 34th Floor
                    New York, New York 10017

                    Aguilar Law Offices
                    Attorneys for Gregory Crew
                    By: Raul V. Aguilar, Esq.
                    601 Van Ness Avenue
                    Suite E504
                    San Francisco, California 94102

**CHIN, Circuit Judge:**

Steven L. Kessler, Esq., represented third-party petitioner Gregory Crew in these proceedings. As a result of Kessler's efforts, Crew has obtained an award of more than one million dollars. Although Crew acknowledges the legal services provided by Kessler, he has failed to pay Kessler for those services. In state court proceedings in New York and California, Kessler obtained two judgments against Crew for unpaid attorney's fees. Dkt. No. 247, Exh. 1, 3. The judgment amount, as of March 18, 2019, was $274,295.82, with

post-judgment interest accruing at the rate of $49.26 per day. Dkt. No. 247, at 3. Kessler now seeks an order directing the Government to satisfy these judgments out of Crew's share of the proceeds from the sale of 763 Clayton Street, San Francisco, California (the "Property"), a portion of which is being held in escrow by the Government. Dkt. No. 247.

Crew concedes that he "has no basis to challenge Kessler's claim." Dkt. No. 258, at 1-2. Nevertheless, Crew argues that he is responsible for only half of the amount owed to Kessler and that the Government -- which has succeeded to Defendant Richard Peterson's one-half interest in the Property -- must pay the other half from its share of the proceeds. Dkt. No. 258, at 2-3. Crew reasons that his only claim to the Property was his California community property interest, *see United States v. Peterson*, 820 F. Supp. 2d 576 (S.D.N.Y. 2011), and that under California law he is only liable for half of the community property estate obligation to Kessler. Dkt. No. 258, at 2-3 ("[T]he community estate is liable for a debt incurred by either spouse before or during marriage . . . ." (quoting Cal. Fam. Code § 910(a))).

California Family Code § 910, however, only applies while the parties are married. "Once the marriage was dissolved and division of community property had occurred, . . . the provisions of section 916 of the Family Code control." *In re Marriage of Braendle*, 46 Cal. App. 4th 1037, 1042 (1996). These provisions also apply to registered domestic partnerships. *See* Cal. Fam. Code § 297.5(a).

2

Here, the forfeiture is the equivalent of a marriage dissolution. *See* Dkt. No. 258, at 2 (referring to forfeiture proceeding as "marital dissolution proceeding"); *see also United States v. Totaro*, 345 F.3d 989, 999 (8th Cir. 2003) ("[I]n the absence of rules specifically designed for the forfeiture context, the best rules to apply to sort out the property rights of married people are found in the laws governing divorce."). Therefore, California Family Code § 916 applies and under § 916 "the property received by the person in the division [of community property] is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt, whether or not the debt was assigned for payment by the person's spouse in the division." Cal. Fam. Code § 916(a)(1); *see In re Carrion*, No. AP 17-90089-MM, 2019 WL 2353632, at *4 (B.A.P. 9th Cir. May 31, 2019) ("In plain [E]nglish, section 916 means that, if Spouse A and Spouse B divorce . . . Spouse A remains liable for Spouse A's own debts.").

Crew retained Kessler and incurred his debt to Kessler in 2010, *see* Dkt. No. 259, before this Court issued its final order of forfeiture on January 3, 2012. *See* Dkt. No. 155. Therefore, after the community property -- *i.e.*, the proceeds from the sale of the Property -- was divided, Crew remained personally liable for his debt to Kessler. *See* Cal. Fam. Code § 916(a). Kessler, then, could look to the proceeds that Crew received from the sale of the Property to satisfy the debt. *See id.*

3

Accordingly, the Government is hereby ORDERED to release $279,566.64, the amount of the judgment with interest as of July 3, 2019, plus $49.26 per day until the date of payment, from the proceeds currently being held in escrow to Kessler. The remainder of the proceeds being held in escrow shall be released to Crew forthwith.

SO ORDERED.

Dated:  New York, New York
July 3, 2019

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation