UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    ORDER
                                    :
        - against -                 :
                                    :    04-cr-752 (DC)
RICHARD PETERSON,                   :
                                    :
        Defendant.                  :
                                    :
------------------------------------x

**CHIN, Circuit Judge:**

On July 19, 2005, defendant Richard Peterson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of engaging in the business of insurance after a felony conviction in violation of 18 U.S.C. § 1033(e)(1)(A). On February 28, 2007, I sentenced Peterson to 120 months' imprisonment and $6,663,439 in restitution payable at the rate of 15% of his gross monthly income. On March 13, 2007, I entered an order of forfeiture through which a money judgment was entered of $6,663,439 against Peterson, and his rights, titles, and interests in certain property were forfeited.

By letter dated September 10, 2024, Peterson requests a reduction of his restitution payments to reflect amounts purportedly recovered by victims. The Government opposes the motion by letter dated September 26, 2024. For the following reasons, Peterson's request is denied.

The Mandatory Victims Restitution Act ("MVRA") provides that, when sentencing a defendant for any felony offense against property under Title 18, the court "*shall order*, in addition to . . . any other penalty authorized by law, that the defendant

make restitution to the victim of the offense." *United States v. Torres*, 703 F.3d 194, 203 n.12 (2d Cir. 2012) (emphasis in original). The MVRA also provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2). The MVRA does not permit awards "in excess of the amount of the [victim's] loss." *United States v. Boccagna*, 450 F.3d 107, 117 (2d Cir. 2006).

Peterson argues that under 18 U.S.C. § 3664(j)(2), his restitution amount should be offset by the value of his forfeited assets to avoid a double recovery. But "restitution and forfeiture are authorized by different statutes and serve different purposes -- one of remediating a loss, the other of disgorging a gain." *Torres*, 703 F.3d at 196; *see also United States v. Bodouva*, 853 F.3d 76, 79 (2d Cir. 2017) (noting that "[t]he distinct purposes of forfeiture and restitution undercut any argument that, in the absence of an offset, the imposition of forfeiture and restitution amount to an unfair double disgorgement."). District courts are therefore not required to "reduce the amount of a mandatory criminal forfeiture order by the amount of past or future restitution payments" without specific statutory authorization. *Bodouva*, 853 F.3d at 78–79.

Peterson's reliance on *United States v. Johnston* to argue that the district court is required to consider "*all* possible sources of restitution, including [forfeiture]" by the defendant is misguided. 199 F.3d 1015, 1023 (9th Cir. 1999) (emphasis in original). In *United States v. Doe*, the Ninth Circuit noted that *Johnston* was based on a former version of the Victim and Witness Protection Act. 374 F.3d 851, 856 (9th Cir. 2004).

2

Even assuming, *arguendo*, that Peterson is correct in his contention that his forfeiture should be accounted for in determining victim restitution, Peterson has provided no evidence that any of his forfeited money or property has gone towards the compensation of his victims.

Accordingly, Peterson's motion to reduce his restitution is denied. The Clerk of the Court is directed to mail a copy of this order to the United States Attorney's Office and to Richard Peterson.

SO ORDERED.

Dated:   New York, New York
        December 09, 2024

DENNY CHIN
United States Circuit Judge
Sitting by Designation